UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LYWAYNE MARQUIS SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-372 ACL |
| | ) | |
| SCOTT LEWIS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Lywayne Marquis Scott (registration no. 2017118728), an inmate at St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $45.40. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $227.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $45.40.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff Lywayne Marquis Scott, an inmate at St. Charles County Detention Center, brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), alleging that his civil rights have been violated. Plaintiff brings this action against the following defendants: Scott Lewis (Sheriff, St. Charles County); Captain

Unknown Myers (St. Charles Division of Corrections); Sergeant Unknown Baker (St. Charles Division of Corrections); Jessica Richards, RN (Nurse, St. Charles Division of Corrections); and St. Charles County, Missouri.

Plaintiff claims that he is a Hindu inmate at St. Charles Detention Center. He claims that as part of his Hindu religion, he cannot consume any meat. He alleges that when he arrived at the Correctional Facility on September 28, 2017, he informed unnamed booking officers and defendant Jessica Richards that he was a "practicing Hindu" and he cannot consume meat and that he desired a complete vegetarian diet. Plaintiff claims that he was told by an unnamed person at the Detention Center that the St. Charles Detention Center does not make "religious accommodations."

Plaintiff alleges that after he was placed in general population, his subsequent requests/grievances for a "vegetarian diet" were denied by defendant Baker and "delayed" by defendant Myers, forcing plaintiff to choose between his religious practice or meals that did not accommodate his religious practice. Plaintiff claims that vegetarian meals are low cost, but nevertheless, he was repeatedly denied religious meals by defendant Baker and Captain Myers pursuant to an unnamed "jail policy," which was upheld by Sheriff Scott Lewis. Plaintiff also attempts to bring a *Monell* claim, or a custom or policy claim, against St. Charles County for denying requests for religious accommodation. Plaintiff complains in a conclusory manner that there must have been a policy or custom of denying religious meals because his meals were denied the first three days he was in the Detention Center.

Plaintiff alleges that the St. Charles County Division of Corrections has a policy that forbids the Jail from making accommodations for an inmate's religious belief. Plaintiff states that as a result, the first three days he was in the Detention Center he had to skip lunch and dinner, or

he had to only eat the fruit on his tray or the bread. He states that he lost a significant portion of weight since he entered the Jail.[1]

Plaintiff brings a Free Exercise claim under the First Amendment against defendants Jessica Richards, Unknown Baker and Unknown Myers. Plaintiff also alleges that Scott Lewis is responsible for the policy at the Jail that is responsible for the overarching policy responsible for defendants' failure to provide for his religious accommodations.

Plaintiff brings a RLUIPA claim for injunctive relief against defendants Myers, Baker, Lewis, Richards and St. Charles County, Missouri for allegedly placing a burden on his ability to exercise his religion in the St. Charles Correctional Center.

Last, plaintiff brings an intentional infliction of emotional distress claim against defendants Baker, Myers and Richards.

In light of the aforementioned, plaintiff seeks both monetary and injunctive relief in this action.

**Discussion**

**A.  Plaintiff's Claims Under the RLUIPA State a Claim against St. Charles County But Otherwise Fail to State a Claim for Relief**

The Religious Land Use and Institutionalized Persons Act provides, in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person --
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.
>
> 42 U.S.C. § 2000cc-1(a).

---

[1] Plaintiff has attached a copy of his grievances, as well as his grievance responses, which the Court entertains as part of the complaint pursuant to Fed.R.Civ.P.10.

"The Act defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005) (quoting 42 U.S.C. § 2000cc-5(7)(A)). "'A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.'" *Id*. at 716 (quoting 42 U.S.C. § 2000cc-2(a)).

Having carefully reviewed the complaint, the Court finds that plaintiff has stated an RLUIPA claim against defendant St. Charles County for injunctive relief only.[2] Plaintiff's complaint is silent as to the capacity he is suing defendants, so the Court must assume that he is bringing this action against defendants in their official capacities.

Naming a government official in his or her official capacity is the equivalent of naming the government entity – St. Charles County - that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against the individual defendants under RLUIPA will be dismissed as the statute does not allow for claims against individuals. *Blake v. Cooper,* 2013 WL 523710, *1 (W.D.Mo. Feb. 12, 2013); *Waff v. Reisch,* No. Civ. 07–4166, 2010 WL 3730114, *11 (D.S.D. July 30, 2010)("RLUIPA does not authorize individual capacity claims against prison officials."); *Van Wyhe v. Reisch,* 536 F.Supp.2d 1110, 1118 (D.S.D.)(same), *aff'd in part, rev'd in part on other grounds,* 581 F.3d 639 (8th Cir.2009).

**B.     Plaintiff's 42 U.S.C. 1983 Claims under the Free Exercise Clause of the First Amendment Fail to State A Claim Upon Which Relief May Be Granted**

As noted above, plaintiff's complaint is silent as to the capacity under which he is suing defendants. Therefore, the Court must assume that he is suing defendants in their official capacities only.

---

[2]RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities. *See Sossamon v. Texas*, 131 S.Ct. 1651 (2011).

Plaintiff claims that defendants Jessica Richards, Unknown Baker and Unknown Myers violated his rights under the Free Exercise Clause of the First Amendment.[3] Once again, naming defendants in their official capacity is the equivalent of naming St. Charles County as the defendant. To state a claim against St. Charles County, plaintiff must allege that a policy or custom of St. Charles County is responsible for violating his free exercise rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff has alleged in a conclusory fashion that there was an overarching policy at the Jail, overseen by Scott Lewis, the Sheriff, but instituted by St. Charles County, to deny religious accommodations.

"Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, a plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, the plaintiff must prove:

---

[3] A prisoner's claim under RLUIPA is evaluated under a different standard than a First Amendment claim. "By enacting RLUIPA, Congress established a statutory free exercise claim encompassing a higher standard of review than that which applies to constitutional free exercise claims." *Murphy*, 372 F.3d at 987 (8th Cir. 2004).

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, a plaintiff can show municipal liability by establishing a deliberately indifferent failure to train or supervise. To do so, the plaintiff must demonstrate a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint does not provided any factual allegations to support a municipal liability claim against St. Charles County. To begin, plaintiff has not provided any facts regarding an unconstitutional policy. As noted above, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin*, 829 F.3d at 700. Plaintiff points to no facts tending to show that a municipal official of St. Charles County made a deliberate choice to institute an official policy that is either unconstitutional on its face or in its implementation. Instead, plaintiff relies on the following allegation: "Plaintiff brings a "*Monell*" claim against the County of Saint Charles, MO for having a policy and/or 'custom' of denying requests for religious diets at the Jail. Plaintiff also claims that some unnamed person at the Jail told him that the Detention Center does not make "religious accommodations."

These statements do not state a claim that is plausible on its face. Plaintiff has not identified the purported policy, the person who told him the policy, and he has not identified a widespread utilization of the policy. To the contrary, plaintiff's recitation of the alleged policy

merely recites the elements of a *Monell* claim, without any factual support. This type of pleading is insufficient. *See Hamilton v. Pain*, 621 F.3d 816, 817-18 (8th Cir. 2010) (stating that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice" to state a claim).

Next, plaintiff has not provided any factual allegations to support a contention that St. Charles County violated his constitutional rights due to an unofficial custom. In order to demonstrate that a municipality has an unofficial custom, plaintiff must show a widespread pattern of misconduct, that policymaking officials were deliberately indifferent to or tacitly authorized the misconduct, and that the custom was the driving force behind the constitutional violation. *Johnson*, 725 F.3d at 828. Plaintiff does make one statement that he was denied his request for a vegetarian diet for three days due to a Jail "policy." He does not, however, make any specific allegations of widespread misconduct, nor does he make any allegations that county officials were aware of this misconduct and were either deliberately indifferent to or tacitly authorized such behavior. Rather, plaintiff relies on generalized contentions and a recitation of the elements of the cause of action he is trying to assert. This is insufficient to state a claim. *See Hamilton*, 621 F.3d at 817-18. As such, plaintiff has failed to allege a free exercise claim in this instance.

### C. Plaintiff's Allegations for Intentional Infliction Of Emotional Distress Fail to State a Claim for Relief

Under Missouri law, the tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. *See Polk v. Inroads/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). "Although case law does not provide us with a precise definition of extreme and outrageous, the

test adopted by Missouri courts for actionable conduct is that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotations omitted). Additionally, the conduct must be "intended only to causes extreme emotional distress to the victim." *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997).

Plaintiff's assertions against defendants Scott Lewis, Unknown Myers, Sergeant Unknown Baker and Nurse Jessica Richards simply do not reflect a calculated plan to cause plaintiff emotional harm. All of the acts alleged by plaintiff and attributed to defendants, taken together, cannot be said to be so outrageous to be utterly intolerable to a civilized community. Therefore, the Court will dismiss plaintiff's claims for intentional infliction of emotional distress for failure to state a claim upon which relief may be granted.

### D. Plaintiff's Motion for Appointment of Counsel is Denied

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $45.40 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant St. Charles County with regard to plaintiff's allegation that plaintiff's rights have been violated under the The Religious Land Use and Institutionalized Persons Act ("RLUIPA").

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant St. Charles County shall reply to plaintiff's claims under RLUIPA within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Scott Lewis, Unknown Myers, Sergeant Unknown Baker and Nurse Jessica Richards because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 14th day of November, 2018.

                                                  /s/ Stephen N. Limbaugh, Jr.
                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE