UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYWAYNE MARQUIS SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18 CV 372 ACL |
| ST. CHARLES COUNTY, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant St. Charles County's Motion for Summary Judgment. (Doc. 15.) For the following reasons, the Court will grant Defendant's Motion.

**I.    Background**

Plaintiff Lywayne Marquis Scott brought this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 20000cc, alleging various violations of his civil rights. (Doc. 1.) He named St. Charles County, Missouri, as well as four individual St. Charles County officials as Defendants. Scott was an inmate at the St. Charles County Adult Correctional Facility ("Jail") at the time of the incidents at issue and at the time he filed his Complaint.

The Court dismissed the individual Defendants and many of Scott's claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 7.) The only claim remaining is the RLUIPA claim against Defendant St. Charles County.

Scott alleges that he is a Hindu and, as part of his religion, he cannot consume any meat. He claims that when he arrived at the Jail on September 28, 2017, he informed

unnamed booking officers and Nurse Jessica Richards that he could not consume meat as a "practicing Hindu," and that he desired a complete vegetarian diet. Scott alleges that he was told by an unnamed person at the Jail that the Jail does not make "religious accommodations." Scott claims that after he was placed in general population, his subsequent requests for a vegetarian diet were denied, forcing him to choose between his religious practice or meals that did not accommodate his religious practice. Scott brings a RLUIPA claim for injunctive relief against St. Charles County for allegedly placing a burden on his ability to exercise his religion in the Jail.

Defendant St. Charles County has moved for summary judgment on Scott's Complaint on the basis that Scott's cause of action is moot. Specifically, Defendant states that Scott was transferred from the Jail and is no longer subject to the policies he claims were a violation of RLUIPA. Scott has not filed a Response, and the time for doing so has expired.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties."

*Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910-11 (8th Cir. 2005) (internal quotations omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If 'opposing parties tell two different stories,' the court must review the record, determine which facts are material and genuinely disputed, and then view those facts in a light most favorable to the nonmoving party – as long as those facts are not 'so blatantly contradicted by the record . . . that no reasonable jury could believe' them." *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790 (8th Cir. 2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the nonmoving party and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The Court may not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. The court is required, however, to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

The movant's statement of facts are deemed admitted if not specifically controverted by the party opposing the motion. Local Rule 4.01(E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

(emphasis added). Even so, where a plaintiff fails to respond to a motion for summary judgment, the Court should not treat such a non-response as sufficient to dispose of the motion. *Lowry v. Powerscreen USB, Inc.,* 72 F. Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.,* 135 F.3d 1211, 1213 (8th Cir. 1997)). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.*

### III. Facts[1]

Scott was an inmate confined in the Jail from September 28, 2017, until December 3, 2018. Scott was transferred by the United States Marshals Service from the Jail to the Warren County Adult Correctional Facility on December 3, 2018. He was subsequently

---

[1]Because Scott did not respond to Defendant's Statement of Uncontroverted Material Facts in accordance with Local Rule 7–4.01(E), they are deemed admitted.

4

transferred to the St. Francis County Adult Correctional Facility. On January 9, 2019, Scott was ordered committed to the custody of the Federal Bureau of Prisons for a 60-month period of confinement. On March 27, 2019, the United States Marshals Service filed a return of judgment showing Scott had been delivered to the custody of the United States Penitentiary in Marion, Illinois.

**IV.    Discussion**

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise" of an inmate unless the government demonstrates that the imposition of the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a)(1)–(2) ("Section 3"); *see Van Wyhe v. Reisch*, 581 F.3d 639, 654 (8th Cir. 2009) (explaining that RLUIPA "prohibits substantial burdens on religious exercise, without regard to discriminatory intent"). RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities. *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011). Consequently, only injunctive relief is available to Scott.

It is undisputed that Scott was transferred from the Jail to the Warren County Adult Correctional Facility on December 3, 2018. *See* Doc. 17-1. The policy at issue is specific to the Jail. The Eighth Circuit Court of Appeals has squarely held that "there is no live case or controversy" when an inmate is no longer subject to the policy he challenges. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012). In *Zajrael*, Plaintiff Warith Zajrael alleged that the Defendant officials at the East Arkansas Regional Unit ("EARU") violated his rights to exercise his religion under the RLUIPA when they confiscated religious books and other materials from his cell. *Id*. at 354-55. Zajrael was incarcerated at the EARU at the time of

the alleged incidents, however, was subsequently transferred to another institution. *Id.* The Eighth Circuit held that Zajrael's "claim for injunctive relief under RLUIPA is moot." *Id.* at 355. The Court explained that Zajrael "complains about policies or practices at the EARU, but he was transferred out of that facility." *Id.* Because Zajrael "is no longer subject to the polices that he challenges, there is no live case or controversy." *Id.* Scott, like Zajrael, is no longer subject to the Jail policies about which he complains.

The *Zajrael* Court noted that there were two exceptions to the mootness doctrine, neither of which applied to Zajrael. First, there is an exception for claims capable of repetition yet evading review. *Id.* The Court found that this exception was "not applicable, because Zajrael made no showing that a retransfer to the EARU is likely." *Id.*

In this case, Scott was being held at the Jail as a federal pre-trial detainee. On January 9, 2019, United States District Judge Henry E. Autrey ordered Scott committed to the custody of the Federal Bureau of Prisons for a period of 60 months. *See* Doc. 17-2, Judgment in a Criminal Case, *United States v. Lywayne Marquis Scott*, Case No. 4:17CR00373-HEA. On March 27, 2019, the United States Marshals Service filed a return of judgment showing Scott had been delivered to the custody of the United States Penitentiary in Marion, Illinois, pursuant to Judge Autrey's Order. Because Scott has been sentenced and committed to the custody of a federal penitentiary, there is no likelihood Scott will be retransferred to the Jail.

The second exception delineated in *Zajrael* is for cases in which there is "proof that officials moved an inmate for the purpose of mooting his claim." *Id.* (citing *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999)). The Eighth Circuit found that there was "no evidence of such motivation" in Zajrael's case. *Id.* Here, Scott was transferred by the

United States Marshals Service. *See* Doc. 17-1. There is no evidence the transfer was motivated by a desire to moot Scott's claim against the Jail.

In sum, the undisputed facts reveal that Scott's claim became moot when he was transferred from the Jail on December 3, 2018. Thus, Defendant is entitled to summary judgment on Scott's Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 15) is **granted.** A separate judgment in favor of Defendant will accompany this Memorandum and Order.

                                        **/s/** Abbie Crites-Leoni
                                        ABBIE CRITES-LEONI
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of October, 2019.